Jose Antonio **SALGUERO–RECINOS,**
Petitioner–Appellant,

v.

John **ASHCROFT,** Attorney General, U.S. Department of Justice, and Edward J. **McElroy,** District Director, U.S. Immigration & Naturalization Service, Respondents–Appellees.

No. 02–4468.

United States Court of Appeals, Second Circuit.

Jan. 25, 2005.

---

---

Anne Pilsbury, Central American Legal Assistance, Brooklyn NY, for Petitioner–Appellant.

Steven M. Warshawsky, Assistant United States Attorney for the Eastern District of New York (Varuni Nelson and Steven Kim, Assistant United States Attorneys, Roslynn R. Mauskopf, United States Attorney, on the brief), for Appellee, of counsels.

PRESENT: STRAUB, KATZMANN, Circuit Judges, and EATON, Judge.*

SUMMARY ORDER

Petitioner, a native and citizen of Guatemala, appeals the denial of his petition for withholding of removal. The core of petitioner's argument on appeal is that his testimony and additional evidence presented at a series of hearings before the Immigration Judge (the "IJ") demonstrated that he was, in 1996, the victim of a brutal attack motivated by political animus against petitioner's brother, a retired Lieutenant in the Guatemalan army. If the IJ had so found, then petitioner would have been entitled to a rebuttable presumption of risk for future politically motivated attacks against him were he to return to Guatemala. 8 C.F.R. § 208.16(b)(2). Petitioner was not granted this presumption, however, because the antecedent condition was not fulfilled.

While there is no contest that petitioner suffered grievous physical harm after a violent attack in 1996, the IJ found that the attack was motivated by the personal animus of petitioner's attackers against petitioner or his brother. The principal issue on appeal is the IJ's entitlement to so find.

We review findings of fact reached by the IJ only to determine if "they are supported by substantial evidence." *Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004) (Judge Straub, dissenting). This standard of review requires that we "uphold an administrative finding of fact unless we conclude that a reasonable adjudicator would be compelled to conclude to the contrary." *Id.; see also Chen v. INS*, 359 F.3d 121, 127 (2d Cir.2004). While evidence in the record supports petitioner's view that those who attacked him in 1996 were motivated by opposition to the political actions of the Guatemalan military during petitioner's brother's term of service, the record does not foreclose the IJ's determination that "[petitioner's] fear is based upon some personal animosity that the two men [who attacked petitioner] in Guatemala have against the [petitioner] and/or his brother." In particular, that the spark for this flame may have been struck while petitioner's attackers and his brother were on opposite sides of an armed conflict does

---

* The Honorable Richard K. Eaton, Judge, United States Court of International Trade, sitting by designation.

not foreclose a personal dispute's being the motive for the attack. While, on a *de novo* review of the record, we might reach a conclusion different from that reached by the IJ, we cannot find that evidence in the record "compelled" the IJ to reach the conclusion that petitioner was the victim of a politically motivated attack in 1996.

We have reviewed all of petitioner's remaining arguments on appeal and find each of them to be without merit. For the foregoing reasons, the petition for review is hereby DENIED.